# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. EP-16-CR-0693-DB |
| DAMON MURPHY (1); | § § § | |
| Defendant. | § § § | |

## GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTON FOR A BILL OF PARTICULARS

The United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorneys, respectfully files the Government's Response and Opposition to Defendant's Motion for a Bill of Particulars and for the following reasons moves this Court to deny defendant, Damon Murphy's, motion in all things.

Defendant's motion avers that "further detail is necessary" "as a means to adequately prepare his defense and avoid surprise at trial." (ECF 143) The government disagrees. As set forth below, the Indictment meets every legal standard of sufficiency, and the defendants' demands are not based on the precedential requisites for a bill of particulars, but instead are an impermissible attempt to learn the government's trial evidence.

## SPECIFICS OF THE INDICTMENT

On April 20, 2016, a grand jury sitting in the Western District of Texas, El Paso Division, returned a 6-count Indictment against **DAMON MURPHY; JAMES ANDERSON; JOHN TANNER, MARK PHILLIP TEGMEYER, DIANE THOMAS and NANCY LOVE.**

The seventeen page speaking Indictment charges defendants Murphy, Anderson, Tanner and Tegmeyer with one count of conspiracy to defraud the United States Government, one count of conspiracy to commit mail fraud, and one count of mail fraud and aiding and abetting mail fraud. The Indictment further charges Tanner, Tegmeyer, Thomas and Love with one count of retaliation against a witness; charges Love in one count of grand jury perjury and charges Anderson with making false statements to a U.S. Government Agency.

Count One of the Indictment, alleges a "Klein Conspiracy" to defraud an agency of the United States Government, that is, a violation of Title 18, United States Code, Section 371. Count Two of the Indictment alleges a conspiracy to commit Mail Fraud in violation of Title 18, United States Code Sections 1341 sand 1349. The conspiracy in Count Two charges two alternative theories of Mail Fraud: (1) to knowingly attempt to devise and devise a scheme and artifice to defraud the *United States Department of Education*, the *TEA* and the *EPISD* and 2.) to knowingly attempt to devise and devise a scheme and artifice to knowingly obtain money and property by means of material false and fraudulent pretenses, representations and promises both by affirmative acts and by deceitful concealment of material facts. (Emphasis added) Count Three alleges a substantive violation of Title 18, United States code, Sections 1341 and 2, Mail Fraud and the Aiding and Abetting if Mail Fraud in two alternative ways: (1) knowingly attempt to devise and devise a scheme and artifice to defraud the *United States Department of Education*, the *TEA* and the *EPISD* and (2) did knowingly attempt to devise and devise a

scheme and artifice to knowingly obtain money and property by means of material false and fraudulent pretenses, representations and promises both by affirmative acts and by deceitful concealment of material facts. (Emphasis added).

The Introduction to Count One of the Indictment lists 24 paragraphs defining, among other things, relevant state and federal statutes and regulations, subject matter addressed in some of those statutes, and terms of art applicable to the allegations. Count One also details 24 specific Overt Acts in furtherance of the Conspiracy including dates, defendants involved in the acts, and descriptions of the conduct alleged. The Scheme and Artifice to Defraud located in Count Two contains 20 explicit descriptions of the manner in which the defendants planned and executed the fraud alleged in Counts One through Three. The Introduction, Overt Acts and Scheme and Artifice to Defraud are incorporated into all of the Counts of the Indictment.

## FEDERAL RULE OF CRIMINAL PROCEDURE, RULE 7(F)

Rule 7(f) of the Federal Rule of Criminal Procedure provides for a bill of particulars as follows:

> **f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Although the 1966 amendment to Rule 7(f) was designed to encourage a more liberal attitude toward bills of particulars, "the subsequent case law suggest that requests for bills of particular are still far from routine." Wright & Miller, Federal Prac. & Proc., § 130, Bill of Particulars (2014) (citing *United States v. Kinsella*, 380 F. Supp. 2d 7, 10 (D. Me., 2005)). *See also United States v. Sepulveda,* 15 F.3d 1161, 1192-93 (1st Cir. 1993) ("Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted

only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.").

## **LEGAL PURPOSES AND REQUISITES FOR A BILL OF PARTIULARS**

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991); *accord United States v. Kirkham*, 129 Fed. Appx. 61, 71 (5th Cir. 2005)(unpublished) (the purpose of a bill of particulars "is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense").[1]

An indictment is generally sufficient "when the charge tracks the governing statute as long as the statutory language unambiguously sets forth all essential elements." *United States v. Beebe,* 792 F.2d 1363, 1366 (5th Cir. 1986). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984); *accord United States v. Lineberry*, 185 Fed. Appx. 366, 370 (5th Cir. 2006) (unpublished). These

---

[1] "The granting of a bill of particulars is addressed to the sound discretion of the trial court." *Mackey*, 551 F.2d at 970 (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)). "[T]he exercise of this discretion cannot be reversed on appeal unless the court concludes that the 'defendant was actually surprised at the trial and thus that substantial rights of his were prejudiced by the denial.'" *Id.* (quoting 1 C. Wright, Federal Practice & Procedure, § 130 at 295 (1969)).

minimum constitutional standards are met where the indictment alleges "every element of the crime charged and in such a way 'as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding.'" *United States v. Bieganowski*, 313 F.3d 264, 285 (5th Cir. 2002) (quoting *Webb*, 747 F.2d at 284).

"An indictment's sufficiency is determined by an examination of its specific language, taking account of the indictment as a whole in the context of its statutory background." *United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir. 2006) (citing *United States v. Haas,* 583 F.2d 216 (5th Cir. 1978)). Courts have not limited the sufficiency of an indictment to the charging language, but recognize that other portions of the indictment, such as overt acts, may sufficiently apprise the defendant of the charges against him/her. *See United States v. Stratton*, 649 F.2d 1066, 1073 (5th Cir. Unit A 1981) (rejecting appellants' claim that indictment did not adequately apprise them of charges, where the agreements that were part of the conspiracy, the overt acts, and the substantive offenses were "related in great detail"); *United States v. Cauble*, 706 F.2d 1322, 1333 (5th Cir. 1983) (rejecting appellant's challenge to sufficiency of an indictment, observing that the indictment detailed the predicate offenses and overt acts with great specificity).

An indictment need not set out the "evidentiary details by which the government plans to establish" the defendant's guilt. *United States v. Gordon,* 780 F.2d 1165, 1172 (5th Cir. 1986). *See also United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (a defendant has a constitutional right "to know the offense with which he is charged, not to know the details of how it will be proved") (quoting *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)). Moreover, "[a] defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.'" *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir.

1978) (quoting *United States v. Perez,* 489 F.2d 51, 70–71 (5th Cir. 1973)).

In *United States v. Cauble*, 706 F.2d 1322, 1334 (5th Cir. 1983), the defendant, who was charged with investing income derived from racketeering activity in an interstate enterprise, complained "that the indictment did not put him on notice of the 'source, amount, and nature of the income . . . and the destination, amount and nature of the investment . . . ." *Cauble*, 706 F.2d at 1334. In affirming the trial court's rejection of the defendant's basis for a bill of particulars, the Fifth Circuit explained that although the defendant is entitled to a "plain, concise statement of the *essential* facts constituting the offenses charged, . . . the indictment need not set forth every evidentiary detail necessary to establish the elements of the offenses." *Id.* at 1334 (quoting *United States v. Williams*, 679 F.2d 504, 508 (5th Cir. 1982)).

Finally, "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (internal citation and quotation marks omitted). "Full discovery also obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979); *accord United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) ("a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery"); *United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006) ("while the superseding indictment did not itself detail the drug trafficking activities about which the cooperating witnesses testified, the DEA-6s recounting those witnesses' pretrial statements did," and defendants should therefore not have been surprised by evidence at trial); *United States v. Urban*, 404 F.3d 754, 772 (3rd Cir. 2005) (full access to discovery "further weakens the case for a bill of particulars").

## **THE INDICTMENT IS SUFFICIENT**

In support of his motion, Murphy submits a boiler-plate motion which cites generic case law, without delineating any deficits in the instant Indictment. Curiously, Murphy cites *Glasser v. U.S.*, 315 U.S. 60, 66 (1942) implying that a bill of particulars is required to provide the "specificity of details" including "[t]he particularity of time, place, circumstances causes, etc., in stating the manner and means of effecting the object or conspiracy" not apparent in the indictment. Murphy misapplies the meaning of *Glasser*.

In *Glasser*, as in the instant indictment, the defendants were charged with defrauding the United States Government. The Supreme Court in *Glasser*, at 66, found that the *Glasser* indictment, which ***did not*** state the manner and means, time, place and circumstances of the conspiracy was, nevertheless, sufficiently definite to inform the petitioners of the charges against them. *Id*. at 66.[2]

### A. Disclosure of Victims

Murphy asserts that a Bill of Particulars is essential for "[d]isclosure of alleged victims" for each of the three counts alleged in the indictment. (ECF 143, pp. 3-5) However, as detailed above, in bold and italics, the victims are listed in the indictment. *See* ECF 1, pp. 1-13. Also see the Indictment, Introduction to Count One, (ECF 1, p. 2) ¶14, the definition of the victim, the

---

[2] The count alleged in the indictment in *Glasser* merely contained the elements of the offense and charged, "after alleging that during certain periods Glasser and Kretske were assistant United States attorneys for the Northern District of Illinois, employed to prosecute all delinquents for crimes and offenses cognizable under the authority of the United States, and more particularly violations of the federal internal revenue laws relating to liquor, charged in substance that the defendants conspired to 'defraud the United States of and concerning its governmental function to be honestly, faithfully and dutifully represented in the courts of the United States' in such matters 'free from corruption, improper influence, dishonesty, or fraud.' The means by which the conspiracy was to be accomplished was alleged to be by the defendants' soliciting certain persons charged, or about to be charged, with violating the laws of the United States, to promise or cause to be promised certain sums to be paid or pledged to the defendants to be used to corrupt and influence the defendants Glasser and Kretske, and the defendant Glasser alone in the performance of their and his official duties." *Glasser* at 64.

U.S. Department of Education.

**B. Disclosure of benefits gained by Mr. Murphy**

First, gain to the defendant is not an element of the offense of Mail Fraud or conspiracy to commit Mail Fraud. To prove Mail Fraud, the Government must show: "(1) the defendant devised or intended to devise a scheme to defraud, (2) the mails were used for the purpose of executing, or attempting to execute, the scheme, and (3) the falsehoods employed in the scheme were material." *United States v. Umawa Oke Imo*, 739 F.3d 226 (5th Cir. 2014), quoting *United States v. Read,* 710 F.3d 219, 227 (5th Cir.2012) (Internal quotation omitted)

Further, "[t]he alleged scheme need not actually have succeeded in defrauding anyone." *See* Fifth Circuit Pattern Jury Instructions, 2015, 2.56, Mail Fraud. Thus, gain to the defendant is irrelevant to proof of, and defense of the elements of the crimes alleged.

Similarly, with regard to Count One, the object of a conspiracy to defraud the government is the impairment, obstruction or defeat of the legitimate functions of a governmental agency. Gain to the defendant is irrelevant to Count One. "[A]n indictment tracking the language of the statute is sufficient to charge a violation of **18 U.S.C. § 371**." *Gordon* at 1171, citing *Grene v. United States*, 360 F.2d 585, 586 (5th Cir. 1966). (Emphasis added)

**C. Disclosure of others known to the grand jury who joined in the conspiracy but were not indicted**

In support of his motion, Murphy cites *Wilkins v. U.S.*, 376 F. 2d 552 (5th Cir. 1967). However, in *Wilkins* at 562, the Fifth Circuit supported the trial court's refusal to grant a bill of particulars in which the defendants sought "the names of any others with whom they were charged to have conspired." See also, *United States of America v. David Mark*, 2012 WL 12542450 (D. Nevada), ("While a bill of particulars is intended to give a defendant only the

minimum amount of information necessary to permit the defendant to conduct his own investigation, it is not the proper means by which a defendant may obtain the names of any unknown conspirator or determine the overt acts constituting the charged activity," citing *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985)); (Also referencing *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (the defendant "has not specified any prejudice or surprise that would result from denial of his request for a bill of particulars").

Regardless, the government has provided more than 20 gigabytes of information scanned and provided as discovery, including approximately 74,500 "Bates" stamped documents. See *Giese, supra* at 1180; U.S. v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973). *See also U.S. v. Urban*, 404 F.3d 754, 772 (3rd Cir. 2005)("[A]ccess to discovery further weakens the case for a bill of particulars.")[3]

### D. Disclosure of the "legitimate function of the United States Department of Education."

Paragraph 14 of the Introduction to Count One of the Indictment defines the functions of the U.S. Department of Education. Murphy was provided, in discovery, a copy of the Audit performed by the Office of the Inspector General of the U.S. Department of Education, which further reveals its functions. Regardless, the aforementioned authority makes clear that listing the elements of the offense are sufficient notice. Murphy cites no authority regarding the necessity to define elements of an offense that are recited in an charge.

### E. Disclosure of the locations other than the Western District of Texas.

---

[3] On Friday, May 27, 2016, counsel for Murphy, Darren Ligon and John Calhoun, were permitted to read approximately 8 statements of witnesses (FBI form 302s, Jencks material) at the office of the U.S. Attorney (for more than 4 hours) and were permitted to take notes of the information in the documents as part of an effort toward negotiation of the charges against Murphy). The government also extended an invitation to defendant Murphy, though his counsel, to come to the U.S. Attorney's Office and read the documents himself. The statements had some redactions of information that did not relate to Murphy.

Counts One, Two and Three of the Indictment identify the District of Columbia (the primary location of the U.S. Department of Education); identify the Texas Education Agency as being located in Austin, Texas (the Western District of Texas); and identify Iowa City, Iowa as the destination of some of the relevant mailings.

A thorough review of the discovery provided may identify other locations, if any, of relevance.

**F. Disclosure of the provisions of the No Child Left Behind Act allegedly violated.**

As indicated above, this information is readily available to the defendant through the discovery timely provided to Murphy by the government; appears in the Introduction to Count One (particularly paragraphs 5-11), the Overt Acts incorporated into all of the Counts of the Indictment, and the Scheme and Artifice to Defraud; and is not information necessary to avoid surprise to the defendant at trial. *See Stratton, Canino and Williams, supra.*

**G. Statements made by Murphy**

The government has complied with F.R.Cr.P 16 and Judge Cardone's Discovery Order (ECF 86) with regard to statements made by the defendant. Murphy's request for a bill of particulars regarding "any statements made or actions undertaken by him that arise to fraud coercion or threats thereof" (ECF 143, p. 5) is clearly an impermissible attempt to obtain a detailed disclosure of the government's evidence prior to trial. *Kilrain*, *supra* at 985. *See also, U.S. v. Holzendorf*, 576 Fed. Appx. 932, 936 (11th Cir. 2014)(unpublished)(finding that the defendant's request for a bill of particulars was "nothing more than a thinly veiled attempt to have the government make a detailed disclosure of the evidence it planned to present at trial.")

Not only has the government made FBI form 302s available to counsel for Murphy and to Murphy himself (the 302s include such detail), but also, the lead prosecutor and the FBI agents

have made themselves available to Murphy's counsel to discuss the facts and evidence related in the reports. Defendant Murphy provides no authority regarding this request.

Wherefore, premises considered, the government avers Murphy's motion has no merit and requests this Honorable Court deny defendant's Motion for a Bill of Particulars.

                                       RICHARD L. DURBIN, JR.
                                       United States Attorney for the
                                       Western District of Texas


                                       By: _____/s/_____
                                       Debra P. Kanof
                                       (Texas Bar No. 11093600)
                                       Robert Almonte II
                                       (Texas Bar #24049479)
                                       Rifian S. Newaz
                                       (Texas Bar #24046519)
                                       Assistant United States Attorneys
                                       U.S. Attorney Office
                                       700 E. San Antonio, Ste. 200
                                       El Paso, Texas 79901
                                       (915) 534-6884 (office)
                                       (915) 534-3461 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on the June 14, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record for defendant Damon Murphy: Darren Ligon and John Calhoun.

                                                                   _____/s/_____
                                                                   Debra P. Kanof
                                                                   Assistant U.S. Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. EP-16-CR-0693-DB |
| DAMON MURPHY (1); | § § § | |
| Defendant. | § § | |

## ORDER

On this day, the Court considered Defendant Damon Murphy's ("Defendant") "Motion for a Bill of Particulars," filed June 4, 2016. The Government filed a response on June 14, 2016. Having considered Defendant's Motion and the Government's response, the Court is of the opinion that the Motion should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Damon Murphy's "Motion for a Bill of Particulars" filed on June 4, 2016, is **DENIED**.

**SIGNED** this _____ day of **June**, 2016.

_____
**HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE**